IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sterling Currency Group, LLC,

    Plaintiff/Counter-Defendant,

v.

James Maurer and Monetizers LLC (d/b/a Iraqidinar.org),

    Defendants/Counter-Plaintiffs.

Case 1:13-cv-00878-RHB

**Honorable Robert Holmes Bell**

**EXPEDITED REVIEW REQUESTED**

## DEFENDANTS / COUNTER-PLAINTIFFS' EMERGENCY MOTION AND BRIEF IN SUPPORT OF PROTECTIVE ORDER PRESERVING EVIDENCE

### MOTION

Defendants / Counter-Plaintiffs hereby move the Court for an order requiring Sterling Currency Group to preserve documents or intangibles that they know, or reasonably should know, are relevant to the above entitled action. Movants seek to prevent parties from altering or destroying such information. This motion is based on notices provided in correspondence, this motion and brief in support, as well as any exhibits, and evidence filed in support thereof, and the pleadings and papers filed in this action.

### BRIEF IN SUPPORT

Defendants / Counter-Plaintiffs request that this Court issue a preservation order to ensure that Plaintiffs / Counter-Defendants do not further destroy or alter documents – including but not limited to stored electronic information – relevant to the claims in the

above entitled action.[1] Plaintiff / Counter-Defendants have a duty to preserve documents that they know, or reasonably should know are relevant to the pending lawsuit. *Silvestri v General Motors*, 271 F.3d 583, 591 (4th Cir.2001); *Kronish v United States*, 150 F.3d 112, 126 (2d Cir.1998); *In re Napster, Inc. Copyright Litigation,* 462 F.Supp.2d 1060, 1067 (N.D.Cal.2006). This duty to preserve evidence is triggered when a party either has notice or should have known that the evidence may be relevant to future litigation. *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir.2008). To breach this duty is spoilation, referred to as "[t]he destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Pension Comm. of Univ. of Montreal Pension Plan v. Bank of Am. Sec., LLC,* 685 F. Supp. 2d 456, 465 (S.D.N.Y. 2010.

Defendants / Counter-Plaintiffs bring this motion because despite the filing of the Counterclaims (Doc#11) and multiple written notice in correspondence (Exhibit A), Plaintiff / Counter-Defendant has committed spoilation (Exhibit B). This spoilation is par for the course for Plaintiff / Counter-Defendant who has established a pattern of rule and law breaking.

These acts of spoilation occurred after having been served with the Counterclaim and thus there is no question that the duty to preserve the evidence was triggered. Furthermore, Exhibit A evidences that Sterling Currency Group was warned about the

---

[1] The Court has authority to issue preservation orders. *See, e.g., Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, (1991) (noting that courts have inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."; *Niggard Sec. Ins., Co. v. Lakewood Egg's & Mfg. Corp.,* 982 F.2d 363, 368 9th Cir.1992) (a court's power includes the "broad discretion to make … evidentiary ruling conducive to the conduct of a fair and orderly trial."); *Capricorn Power Co. v. Siemens Westinghouse Power Corp.,* 220 F.R.D. 429, 434 n.2 (W.D.Pa.2004) ("recognizing that it has become routine to order the preservation of evidence prior to the beginning of the discovery period at the initial case management conference and sometimes even before such a conference in complex litigation").

spoilation in multiple correspondence, and also was given the opportunity to stipulate to an order preserving the evidence, however, to date, no response has been provided.

Sterling Currency Group's actions, detailed and discussed further throughout Exhibit B, represent their intention and bad faith, and reflect an interpretation that the obligation to preserve evidence does not apply to them or applies in a way that has and will result in the continued destruction of evidence and irreparable harm against Defendants / Counter-Plaintiffs.

Defendants / Counter-Plaintiffs are irreparably harmed, now precluded from being able to conduct a thorough and meaningful examination and assessment of activity on which their defenses and counterclaims are based, evidence of which is no longer in the same condition as it was at the time of the alleged wrong, substantial relevant evidence now having been altered, destroyed and forever lost.

The defenses, counterclaims, and documentation filed and revealed to date demonstrate a substantial likelihood of Defendants / Counter-claimants' success on the merits. While Defendants / Counter-Plaintiffs have been candid in their efforts to resolve this case and the within motion, Plaintiff / Counter-Defendant persists in a course of unethical and illegal conduct in violation of the applicable court rules and laws. Sterling Currency Group's case in prosecution of and defense of the counterclaims asserted in the within action, has no likelihood of success. To date, no evidence on behalf of Sterling Currency Group has been produced via the Complaint, vacant Answer to counterclaims, or via any other means, which supports any of their claims or defenses. On the contrary, Sterling Currency Group proceeds on the basis that they can continue to bully their opposition and disregard the rules and laws of a respected United States legal system.

It is overwhelmingly clear via the evidence revealed to date that the preponderance of evidence supports that Sterling Currency Group's Marketing Director, Youssef El Hodaigui had an account on Link-Vault; Youssef El Hodaigui / Sterling Currency Group is very public acting on the internet in website forums, in the business of defrauding the public and Google; and thus it was Sterling itself, which caused any alleged injury to Sterling, not James Maurer or Monetizers LLC. Sterling had knowledge that Mr. Maurer and Monetizers LLC were not the cause of their alleged injury, and that they had no chance of success on the merits, yet they persisted in a frivolous lawsuit and abuse of process.

Sterling Currency Group's case against James Maurer and Monetizers LLC is frivolous and an abuse of process, with no basis in law or fact. They have no evidence to support their claim and on the contrary James Maurer and Monetizers LLC has produced an overwhelming amount of recorded evidence that will no doubt convince a jury that Sterling is the culprit and cause of its own damages, and is also the culprit of intentional violation of the Defendants / Counter-Plaintiffs counterclaims.

Sterling and David Lilenfeld and their Marketing Director, Youssef El Hodaigui are the cause of the damage claimed and the evidence submitted proves that they had knowledge of this at the time their Complaint and Answer were filed. There is no doubt that Sterling Currency Group and its lawyer, David Lilenfeld are to blame and that they attempted to cover up their illegal actions by spoiling the evidence against them. Their acts of spoilation are substantial and revealing of their bad faith. A motion for summary judgment on this matter is expected, yet in the meantime, irreparable harm has occurred and further irreparable harm must be prevented.

Irreparable harm has occurred and will continue to occur if an appropriate order is not entered.  Any burden to Plaintiff / Counter-Defendant of an appropriate order is outweighed by the harm to movants.  It is in the interest of the public to see that Sterling Currency Group is stopped.

> "Aside perhaps from perjury, no act serves to threaten the integrity of the judicial process more than the spoliation of evidence. Our adversarial process is designed to tolerate human failings - erring judges can be reversed, uncooperative counsel can be sheparded, and recalcitrant witnesses compelled to testify. But, when critical documents go missing, judges and litigants alike descend into a world of ad hocery and half measures and our civil justice system suffers."

United Medical Supply Co. v. United States, 77 Fed. Cl. 257, 258-59 (Fed. Cl. 2007).

WHEREFORE, Defendants / Counter-Plaintiffs reserve the right to move for appropriate sanctions and respectfully request this Court to enter an appropriate preservation order that requires Plaintiff / Counter-Defendant to abide by its duty to preserve what they know or reasonably should know will be relevant evidence and to identify each and every act of spoliation that has occurred to date.

Dated: November 25, 2013

**/s/ Renee C. Walsh**
WALSH LAW PLLC
Renee C. Walsh (P56336)
Attorney for James Maurer and Monetizers LLC (d/b/a Iraqidinar.org)
P.O. Box 1674
Okemos, MI 48805-1674
866-537-2036 fax
866-528-5723 phone
231-680-0618 phone
reneec@walshlawpllc.com